```
                    UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

JEROME M. TEATS,                )
                                )
        Plaintiff,              )
                                )
            v.                  )    NO.  3:11-0753
                                )    Judge Campbell/Bryant
VICTOR S. (Torry) JOHNSON, III, )    Jury Demand
et al.,                         )
                                )
        Defendants.             )

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Defendant J. Randall Wyatt, Jr., a Davidson County Circuit Court judge, has filed his motion to dismiss in this case on grounds of absolute judicial immunity (Docket Entry No. 74).

The plaintiff has not responded in opposition, and the time within which he was required to do so has expired.

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant Wyatt's motion to dismiss be granted, and the complaint against him dismissed with prejudice.

## Statement of the Case

Plaintiff Jerome M. Teats, who is proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants have violated his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff Teats also seeks to assert state law claims including professional negligence and negligent infliction of emotion distress.

Defendant Wyatt and other defendants have filed motions to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Summary of Factual Allegations in the Complaint

Plaintiff Teats alleges that he was charged with certain criminal offenses in the Circuit Court for Davidson County, Tennessee, arrested on those charges on August 14, 2000, and detained pending trial. Following a negotiated plea agreement, defendant J. Randall Wyatt, Jr., the Circuit Judge to whom the case was assigned, entered final judgments on April 12, 2001, sentencing plaintiff Teats to a period of imprisonment in the custody of the Tennessee Department of Corrections.

Plaintiff Teats alleges that the final judgments entered in his case failed to award him proper credits for the time he spent in jail awaiting sentencing. According to the complaint, this period ran from his arrest on August 14, 2000, until the date of his sentencing on April 12, 2001, a period of seven months and twenty-nine days. Plaintiff Teats alleges that the failure of the judgment order to award proper credit for presentence detention caused his period of imprisonment in the custody of the Tennessee Department of Corrections to be wrongfully extended "by one to eight months." (Docket Entry No. 1 at 45).

Analysis

Defendant Wyatt has filed his motion to dismiss based upon the doctrine of judicial immunity. Although plaintiff Teats

2

has not responded in opposition to this motion, a district court nevertheless cannot grant a motion to dismiss simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

The term "judicial immunity" is shorthand for the absolute immunity doctrine that protects judges from suit both in their official and individual capacities. DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999). Even though a state's sovereign immunity does not preclude individual capacity suits against state officials for damages under section 1983, the judicial function is still protected by the common-law doctrine of judicial immunity. Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007). Judicial immunity is expansive and provides immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). In fact, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stern v. Mascio, 262 F.3d 600, 606 (6th Cir. 2001). Furthermore, judicial immunity extends beyond individual capacity suits seeking damages to those also seeking injunctive relief under section 1983. Coleman v. Governor of Mich., 2011 WL 894430, at *5 (6th Cir. Mar. 16, 2011). Here, defendant Wyatt is a state court

judge. Defendant Wyatt's actions with which the plaintiff takes issue are all functions normally handled by a judge in his judicial capacity. Therefore, defendant Wyatt is afforded absolute judicial immunity from plaintiff's claims in this action.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss (Docket Entry No. 74) filed on behalf of defendant J. Randall Wyatt be GRANTED, and that the complaint against him be DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of July 2012.

                                             s/ John S. Bryant
                                             JOHN S. BRYANT
                                             United States Magistrate Judge