UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEROME M. TEATS, )
)
    Plaintiff, )
)
    v. ) NO. 3:11-0753
) Judge Campbell/Bryant
VICTOR S. (Torry) JOHNSON, III, ) Jury Demand
et al., )
)
    Defendants. )

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Defendant Michie F. Gibson, Jr. has filed his motion to dismiss on the grounds that (1) the state legal malpractice claim is barred by the statute of limitations and (2) the Court lacks subject-matter jurisdiction over the claim against defendant Gibson.

The plaintiff has not responded in opposition to this motion.

## Summary of Claims Against Defendant Gibson

According to the complaint, plaintiff Teats was charged with certain criminal offenses in the Circuit Court of Davidson County, Tennessee. Defendant Gibson was plaintiff's court-appointed defense attorney. The complaint alleges that following a negotiated plea agreement, the Court on April 12, 2001, entered final judgments imposing sentence on plaintiff. However, plaintiff charges that the order of judgment failed to award him proper credits for presentence jail time from August 14, 2000, when he was arrested, until April 12, 2001, the date of his sentencing.

The particular allegations against defendant Gibson appear in Count 9 of the complaint (Docket Entry No. 1 at 39-41). Plaintiff charges that defendant Gibson failed to comply with the professional standard of care required of attorneys when he failed to review the orders of judgment to assure that plaintiff Teats received all benefits negotiated as part of the guilty plea, including proper credit for jail time served prior to sentencing. Plaintiff Teats asserts that this negligence by defendant Gibson caused plaintiff to be confined in the custody of the Tennessee Department of Corrections for "a minimum of one to eight months" longer than he should have been. Plaintiff Teats maintains that, as a result, he has suffered negligent infliction of emotional distress, loss of substantial income, and other injuries for which he deserves to be compensated in damages.

## **Analysis**

Defendant Gibson asserts that the legal malpractice claim against him is barred by the one-year statute of limitations and that the Court lacks subject-matter jurisdiction over the claims asserted against him. Although plaintiff Teats has not filed a response in opposition, a district court cannot grant a motion to dismiss simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

In Tennessee, a claim of legal malpractice must be commenced within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(2). The cause of action accrues, and the statute of limitations begins to run, when the plaintiff has suffered an irremediable injury as a result of the defendant's negligence and the plaintiff knows or in the exercise of reasonable diligence should have known that this injury was caused by defendant's negligence. See Carvell v. Bottoms, 900 S.W. 2d 23, 28 (Tenn. 1995). In his complaint, plaintiff Teats alleges as follows: "Plaintiff, upon learning of the deficiency in the judgment, on July 20, 2010, among other things, filed with the Davidson County Criminal Court a pro se Motion to Correct-Amend Judgment, to include the August 14, 2000-April 12, 2001 credits." (Docket Entry No. 1 at 6). Therefore, it appears on the face of the complaint that plaintiff Teats was aware at least by July 20, 2010, that the judgment entered had not properly credited him with presentence jail time. Moreover, he certainly knew by then that defendant Gibson had served as his defense lawyer in this case. Therefore, it appears that the statute of limitations for a legal malpractice against defendant Gibson commenced to run by July 20, 2010, if not earlier. Plaintiff's complaint in this action was filed on August 5, 2011. From the foregoing, the undersigned Magistrate Judge finds that the legal malpractice claim against the defendant Gibson is barred on the face of the complaint.

As a second ground for his motion, defendant Gibson argues that this Court lacks subject-matter jurisdiction over plaintiff's state claim against him. As a court-appointed attorney for plaintiff in the underlying criminal proceeding, defendant Gibson was not a "state actor" and therefore is not subject to a claim under Section 1983. See West v. Atkins, 487 U.S. 42, 49 (1988); Wilkerson v. Hardesty, 2005 WL 2777038 (N.D. Ohio, Oct. 2005). Although the doctrine of pendent jurisdiction permits exercise of supplemental jurisdiction over state claims when the court concludes that the state claims are so intertwined as part of the same case or controversy as to comprise but one constitutional case, United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966), the Court should not exercise such supplemental jurisdiction in a case where two separate and distinct causes of action are alleged, only one of which is federal in character. Hurn v. Oursler, 289 U.S. 238, 246 (1933).

As stated above, the undersigned Magistrate Judge finds from the face of the complaint that the claims against defendant Gibson are barred by the one-year statute of limitations. Even if those claims were not barred, the undersigned Magistrate Judge finds that they amount to a pure state law claim of legal malpractice, whereas the claims against all other defendants are civil rights claims alleging violation of plaintiff's rights under the U.S. Constitution. Accordingly, even if plaintiff's claims were not barred by the statute of limitations, this Court should

not exercise supplemental jurisdiction over the state law claims against defendant Gibson.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss (Docket Entry No. 76) filed on behalf of defendant Gibson be GRANTED and that the complaint against him be DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of July 2012.

                                             s/ John S. Bryant
                                             JOHN S. BRYANT
                                             United States Magistrate Judge