```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

JEROME M. TEATS,                     )
                                     )
        Plaintiff,                   )
                                     )
            v.                       )   NO.  3:11-0753
                                     )   Judge Campbell/Bryant
VICTOR S. (Torry) JOHNSON, III,      )   Jury Demand
et al.,                              )
                                     )
        Defendants.                  )
```

## REPORT AND RECOMMENDATION

Defendant Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") has filed its motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Docket Entry No. 85). In particular, defendant argues that the complaint fails to state a claim of municipal liability under 42 U.S.C. § 1983, that plaintiff's claims are barred by the one-year statute of limitations, and, alternatively, that this Court should decline to exercise supplemental jurisdiction over plaintiff's TGTLA claims.  Plaintiff has responded in opposition (Docket Entry No. 97).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion to dismiss be denied with respect to plaintiff's § 1983 claim, but that this Court decline to exercise supplemental jurisdiction over plaintiff's TGTLA claims.

## Summary of the Facts

Plaintiff Teats alleges that he was arrested in August 2000 and charged with certain criminal offenses in the Circuit Court for Davidson County, Tennessee.  Plaintiff plead guilty in

April 2001, pursuant to a negotiated plea agreement. The final judgment imposing sentence was entered on April 12, 2001. Plaintiff alleges that he later found out that the judgment imposing sentence failed to include credits to which plaintiff was entitled for presentence jail time between his arrest on August 14, 2000, and his eventual sentencing on April 12, 2001.

Plaintiff Teats claims that upon learning of this deficiency, on July 20, 2010, he filed a pro se motion with the Davidson County Criminal Court to correct or amend his judgment to include the presentence jail credit to which he was entitled. Plaintiff alleges that after he sent a September 2, 2010, follow-up letter to the Clerk, the credits were granted and he was released from the custody of the Tennessee Department of Corrections on September 17, 2010. Plaintiff Teats alleges that the wrongful failure to include presentence credits in his order of judgment caused him to be detained "a minimum of three to eight months past the full expiration" of his proper sentence.

In his complaint, plaintiff Teats asserts claims against a multitude of defendants. His claims against defendant Metropolitan Government appear in Count 8 of the complaint (Docket Entry No. 1 at 37-39). Specifically, plaintiff claims that defendant Metropolitan Government violated his constitutional right to be free from cruel and unusual punishment when, "pursuant to county policy," the Davidson County Criminal Court Clerk's Office and/or clerks failed to inform the parties and/or court that the

2

uniform judgments did not contain credit for presentence jail time from August 14, 2000, through April 12, 2001. In addition, plaintiff alleges that defendant Metropolitan Government is liable under the Tennessee Governmental Tort Liability Act ("TGTLA") for the negligent or intentional actions of the Davidson County Criminal Court Clerk's employees responsible for handling matters related to final judgments in criminal cases, including, "being certain that all final judgments contain all required information before entry and the notifying the parties of any failure to do so and/or the court."

## Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do

more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

In its motion to dismiss, defendant Metropolitan Government makes three arguments: (1) that the complaint fails to state a municipal liability claim under the authority of Twombly and Iqbal; (2) that plaintiff's § 1983 claims are barred by the one-year statute of limitations; and (3) that plaintiff's state law

4

claims based upon the TGTLA are barred by the statute of limitations or, alternatively, that this Court should decline to exercise supplemental jurisdiction over them. Plaintiff disagrees. The undersigned Magistrate Judge will consider each ground for dismissal.

<u>Failure to state a claim of municipal liability under § 1983</u>. In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

Local governments and their officials are included "among those persons to whom § 1983 applies." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). Section 1983, however, will not support a claim against a municipality based upon a *respondeat superior* theory of liability. <u>Id.</u> at 690-91. Rather, a municipality may be held liable "only for the adoption of a 'policy or custom' that violates federally protected rights." <u>Schroder v. City of Fort Thomas</u>, 412 F.3d 724, 727 (6th Cir. 2005).

Here, plaintiff alleges in paragraph 70 of his complaint (Docket Entry No. 1 at 38) that, "pursuant to county policy," employees in the Davidson County Criminal Clerk's Office "failed to inform the parties and/or court that the uniform judgments [in plaintiff's criminal case] did not contain time Teats served in

5

incarceration from August 20, 2000, through April 12, 2001. . . ."[1]
With respect to this allegation, defendant Metropolitan Government asserts that plaintiff "has provided not one iota of factual support for the notion that any deprivation of his civil rights occurred as a result of an unconstitutional custom, policy or practice of the Metropolitan Government" (Docket Entry No. 86 at 4). In the absence of any factual support, defendant Metropolitan Government argues that plaintiff's allegation of violation of a governmental policy amounts to a bare-bones recitation of the elements of the claim that fails to satisfy minimal pleading standards announced in <u>Twombly</u> and <u>Iqbal</u>.

Plaintiff Teats, in response, asserts that, despite the holdings in <u>Twombly</u> and <u>Iqbal</u>, some district courts have nevertheless found that "boilerplate allegations of inadequate municipal policies or customs" are generally sufficient to survive a motion to dismiss (Docket Entry No. 97 at 5-6, citing cases). Plaintiff acknowledges, however, that other courts have treated <u>Twombly</u> and <u>Iqbal</u> "as dramatically altering the pleading requirement for municipal liability claims." (Docket Entry No. 97 at 6, citing cases). Plaintiff argues that since a § 1983 plaintiff will rarely have specific knowledge of particular municipal policies or customs, he should be able to satisfy minimal

---

[1] Plaintiff's complaint at different places alleges that he was arrested on August 14, 2000, and also August 20, 2000. Compare complaint (Docket Entry No. 1) at paragraphs 17 and 33 with paragraphs 36 and 71. For purposes of the analysis in this report and recommendation, this discrepancy is inconsequential.

pleading requirements by alleging other facts that support a conclusion that such an unconstitutional policy exists. For example, plaintiff asserts that factual allegations of multiple prior incidents of misconduct or persistent patterns of wrongful behavior by public officials may be sufficient to support a conclusion that a policy consistent with such behavior exists, although the plaintiff, without pretrial discovery, lacks particularized knowledge of the policy itself. See Thomas v. City of Galveston, 800 F.Supp.2d 826, 842-45 (S.D. Tex. 2011); Lott v. Swift Transp. Co., 694 F.Supp.2d 923, 928 (W.D. Tenn. 2010).

Here, plaintiff Teats has alleged in several places in his complaint that failure to include presentence jail credits has occurred in "numerous other Davidson County Criminal Court cases." (Docket Entry No. 1, paras. 51, 60, 61, 62 and 69). Although plaintiff neither names these defendants nor otherwise identifies these "numerous" other Davidson County cases, the undersigned Magistrate Judge finds that, for the purposes of a motion to dismiss pursuant to Rule 12, these allegations are sufficient to raise a "plausible" inference that municipal employees handling these judgments imposing criminal sentences were acting pursuant to a municipal custom or policy. Whether plaintiff Teats can identify specific cases in support of this allegation remains to be determined through discovery. Nevertheless, the undersigned Magistrate Judge finds that these allegations are sufficient to

survive a Rule 12 motion to dismiss under the pleading standards of Twombly and Iqbal.

For the foregoing reason, the undersigned Magistrate Judge finds that defendant Metropolitan Government's motion to dismiss plaintiff's § 1983 constitutional claims for failure to state a claim should be denied.

Statute of limitations on § 1983 claim. Defendant Metropolitan Government argues that plaintiff's §1983 constitutional claim is barred by the one-year statute of limitations applied to civil rights claims. As grounds, defendant asserts that plaintiff Teats's claim accrued at least by July 20, 2010, when, according to the complaint, he filed a pro se motion to amend or correct the judgment imposing sentence. His complaint in this action was not filed until August 5, 2011, over a year later. Therefore, defendant Metropolitan Government argues that plaintiff's § 1983 claim is time-barred.

Plaintiff Teats, in response, states that he was legally precluded from filing a § 1983 action based upon this allegedly unconstitutional confinement until the confinement had first been declared invalid by an appropriate state tribunal. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the complaint, the order granting Teats's pro se motion and terminating his confinement was entered on September 13, 2010, and he was released from custody on September 17, 2010. Plaintiff argues that September 13, 2010, is the correct date of accrual of his § 1983

claim, and that his August 5, 2011, filing date, therefore, was timely. The undersigned Magistrate Judge agrees.

Based upon the foregoing, the undersigned Magistrate Judge finds that defendant Metropolitan Government's argument that plaintiff's § 1983 claim is time-barred lacks merit and must be rejected.

<u>Plaintiff's TGTLA claim</u>. Defendant Metropolitan Government argues that plaintiff's state claim brought pursuant to TGTLA is barred by the statute of limitations, and, alternatively, that this Court should decline to exercise supplemental jurisdiction over this claim. Defendant asserts that Tenn. Code Ann. § 29-20-305(b) requires that an action under TGTLA be commenced within one year "after the cause of action arises," and that such cause of action "arises" when plaintiff discovers, or in the exercise of reasonable care should have discovered, that he sustained an injury as a result of the defendant's wrongful conduct. <u>See</u> <u>Sutton v. Barnes</u>, 78 S.W. 3d 908, 916 (Tenn. Ct. App. 2002). Again, defendant argues that plaintiff Teats had discovered his injury at least by July 20, 2010, when he filed his <u>pro se</u> motion to correct his sentence, and that this action, filed on August 5, 2011, comes too late. In response, Teats points out that his wrongful confinement continued until he was released on September 17, 2010, at least by implication raising a "continuing violation" theory to argue that the limitations period did not

commence until Teats's alleged injury was finally remedied (Docket Entry No. 97 at 14).

A district court has broad discretion regarding whether to exercise jurisdiction over supplemental state law claims. Gamel v. City of Cincinnati, 625 F.3d 949, 951 (6th Cir. 2010); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). District courts within Tennessee have been particularly reluctant to exercise jurisdiction over state law claims arising under the TGTLA. See, e.g., Beddingfield v. City of Pulaski, 666 F.Supp. 1064 (M.D. Tenn. 1987), *rev'd on other grounds*, 861 F.2d 968 (6th Cir. 1988).

Despite the recommendation above that plaintiff's constitutional claim pursuant to § 1983 be permitted to survive defendant's instant motion to dismiss, the undersigned Magistrate Judge nevertheless recommends that this Court decline to exercise supplemental jurisdiction over the state law TGTLA claims against the Metropolitan Government. As grounds for this recommendation, the undersigned finds (1) that little time or resources have been expended in this Court on these state law claims; (2) that if the Court accepts the undersigned's recommendations to decline jurisdiction over related state law claims against the multiple codefendants, a state court necessarily would be required to consider these claims if plaintiff chooses to pursue them; and (3) were plaintiff to pursue his state law claims against the other defendants in state court, exercising jurisdiction over his related

state law claim against the Metropolitan Government in this Court would present a risk of inconsistent or contradictory outcomes.

For these reasons, the undersigned RECOMMENDS that this Court DECLINE to exercise supplemental jurisdiction over plaintiff's claims against the Metropolitan Government arising under the TGTLA and dismiss those claims without prejudice.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendant Metropolitan Government's motion to dismiss be DENIED with respect to plaintiff's claims pursuant to 42 U.S.C. § 1983, that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and that these state law claims be DISMISSED without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 21st day of August 2012.

                                                s/ John S. Bryant
                                                JOHN S. BRYANT
                                                United States Magistrate Judge