IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEROME M. TEATS )
)
v. ) NO. 3-11-0753
) JUDGE CAMPBELL
VICTOR S. JOHNSON III )
et al. )

ORDER

Pending before the Court are three Reports and Recommendations of the Magistrate Judge (Docket Nos. 111, 112 and 113), Objections filed by the Plaintiff to each (Docket Nos. 137, 136 and 138, respectively), and Objections filed by Defendant Metropolitan Government of Nashville/ Davidson County ("Metro") to Docket No. 113 (Docket No. 121).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Reports and Recommendations, the Objections, and the file.

Plaintiffs' Objections to the Reports and Recommendations at Docket Nos. 111 and 112 are overruled, and those Reports and Recommendations of the Magistrate Judge are adopted and approved. Accordingly, the Motion to Dismiss filed by Defendant Torrence (Docket No. 42) is GRANTED, and Plaintiff's claims against Defendant Torrence are DISMISSED. In addition, the Motion to Dismiss filed by Defendants Johnson, Drumwright, Sobrero, Ray and Tennessee Department of Correction (Docket No. 47) is GRANTED, and Plaintiffs' claims against these Defendants are DISMISSED.

The third Report and Recommendation (Docket No. 113) is adopted and approved in part and rejected in part as follows. The Magistrate Judge recommends that Plaintiff's Section 1983

claim be allowed to move forward and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. In so recommending, the Magistrate Judge finds that, for purposes of a motion to dismiss, Plaintiff has sufficiently stated a claim for municipal liability and that Plaintiff's claim is not time-barred. Defendant objects to both these rulings, and Plaintiff objects to the ruling on the state law claims.

Plaintiff claims that he was sentenced on April 12, 2001, to an "effective" sentence of twelve years. Plaintiff argues that he was supposed to receive pretrial sentence credits from the time of his arrest on August 14, 2000, until the date of his plea on April 12, 2001, for a total of seven months and twenty-nine days credit. Plaintiff contends that he learned, on July 20, 2010, that he had never received these pre-plea sentence credits. Plaintiff complained to the Davidson County Criminal Court and ultimately was released from prison on September 17, 2010.

The Magistrate Judge suggests that the date upon which Plaintiff's claim accrued, for purposes of the statute of limitations, was the date of his release, September 17, 2010. Defendant Metro argues that the relevant accrual date is July 20, 2010, when Plaintiff first discovered the mistake concerning his sentence credits.

The Magistrate Judge cites *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) for this ruling. In *Heck*, the Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed, expunged or declared invalid. *Id*. at 486-87. In those circumstances, the statute of limitations would begin to run on the date in which the conviction or sentence is overturned.

2

Here, however, neither Plaintiff's conviction nor his sentence was declared invalid. His sentence was merely shortened to account for sentence credits he should have been given.

Defendant Metro, on the other hand, cites to *Acree v. Metropolitan Gov't of Nashville and Davidson County*, 2012 WL 2072760 (M.D. Tenn. June 8, 2012) to argue that Plaintiff's claim accrued on the day Plaintiff discovered the mistake. In *Acree*, the Court held that the plaintiff's claim accrued, and the statute of limitations began to run, when the wrongful act or omission resulted in damages; that is, when the plaintiff knew that he was being held longer than he should have been under the sentence imposed by the judge. *Id*. at * 3 (citing *Wallace v. Kato*, 549 U.S. 384 (2006)).

The Court agrees with *Acree* and finds that Plaintiff's claim accrued on the date upon which he *should* have been released, had the sentence credits been correctly applied, because that date is the date any injury first began. If Plaintiff did not learn of the mistake until after the date upon which his sentence should have been completed, then the claim accrued on the date Plaintiff learned of the injury.

It is not clear from the pleadings when Plaintiff should have been released if he had been given the appropriate sentence credits. Plaintiff argues that he was held "a minimum of three to eight months past the full expiration of the effective twelve year sentence." In any event, Plaintiff learned of the injury on July 10, 2010, more than one year before this action was filed on August 5, 2011.

Accordingly, Plaintiff's Section 1983 claim against Defendant Metro is time-barred. The Report and Recommendation of the Magistrate Judge is rejected on this issue, and Defendant Metro's Motion to Dismiss the Section 1983 claim is granted.

With regard to Plaintiff's state law claims, Defendant's and Plaintiff's Objections are overruled, and the Report and Recommendation is adopted and approved. The Court declines to exercise supplemental jurisdiction over the state law claims. The state law claims are dismissed without prejudice.

For these reasons, Defendant Metro's Motion to Dismiss (Docket No. 85) is GRANTED, and Plaintiff's claims against Defendant Metro are DISMISSED.

All Defendants having now been dismissed, the Clerk is directed to close this file. Any other pending Motions are denied as moot. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　/s/ Todd Campbell
　　　　　　　　　　　　　　　　　　　　　　TODD J. CAMPBELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE